EVAN M. JONES (S.B. #115827)
ANDREW M. PARLEN (S.B. #230429)
JENNIFER M. TAYLOR (S.B. #241191)
EVAN T. PICKERING (S.B. # 271634)
JAMIE OH (S.B. # 274419)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email: aparlen@omm.com

Proposed Attorneys for Verdugo Mental Health, Debtor and Debtor in Possession

> FILED & ENTERED
>
> MAR 29 2011
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY egarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Verdugo Mental Health,<br><br>　　　　Debtor.[1] | Case No. 2:11-bk-22739-PC<br><br>Chapter 11<br><br>**ORDER APPROVING (I) SALE PROCEDURES, (II) NOTICE PROCEDURES, (III) ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (IV) DATE FOR SALE HEARING**<br><br><u>Hearing</u><br>Date: March 28, 2011<br>Time: 1:00 p.m. (PDT)<br>Place: U.S. Bankruptcy Court<br>Edward R. Roybal Federal Bldg. and Courthouse<br>255 E. Temple Street, Room 1539<br>Los Angeles, California 90012<br>Judge: Honorable Peter H. Carroll |

This matter coming before the Court on the *Emergency Motion for Order Approving (I) Sale Procedures, (II) Notice Procedures, (III) Assumption and Assignment Procedures, (IV) Date*

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Verdugo Mental Health (0064). The Debtor's corporate office is located at 1540 E. Colorado Street, Glendale, California 91205.

SF1:817383                                                    1

*for Sale Hearing, and (V) Related Relief* (the "Motion"), filed by Verdugo Mental Health, the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion; and the Court having considered the *Declaration of William J. Smith in Support of Chapter 11 Petition and Request for First-Day Relief*; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. Unless otherwise noted, all capitalized terms used but not defined herein shall have the meanings given to such terms in the Motion.

    C.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    D.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

    E.    Adequate notice of the Motion has been provided and no other or further notice need be provided.

    F.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

    G.    The relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and its clients.

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7052, finding of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

SF1:817383    2

H.   The Sale Procedures are reasonably calculated to ensure that the highest and best offer is received by the Debtor for the Purchased Assets, taking into consideration the Debtor's charitable mission and public need.

I.   The Assumption and Assignment Procedures are fair and reasonably necessary to expedite the closing of the sale of Assets.

J.   The Notice Procedures are fair and reasonable and the forms of notices attached as Exhibit D and Exhibit E to the Motion, if served by the Debtor as described in the Motion, provide sufficient notice of the events and deadlines set forth therein pursuant to Bankruptcy Rules 2002, 6004 and 6006.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.   Subject to the terms of this Order, the relief requested in the Motion is granted in its entirety.

2.   The sale of the Purchased Assets to Didi Hirsch Psychiatric Service, a California non-profit public benefit corporation, dba Didi Hirsch Mental Health Services ("Didi Hirsch" or the "Purchaser"), or a qualified over-bidder shall be governed by the Sale Procedures, attached as Exhibit B to the Motion, which are hereby authorized, approved and made part of this Order as if fully set forth herein and shall be the exclusive method for the sale of the Purchased Assets.  The Debtor is authorized to take all of the actions contemplated by the Sale Procedures, including conducting a sale by auction (the "Auction") of the Purchased Assets to the Purchaser or qualified over-bidder pursuant to the Sale Procedures and the terms of this Order.   Nothing in this Order shall be deemed or construed to approve the Sale.

3.   The Assumption and Assignment Procedures, attached as Exhibit C to the Motion, are hereby authorized, approved and made part of this Order as if fully set forth herein.

SF1:817383                                                  3

4.    The Debtor is authorized to file the Sale Motion as an omnibus motion for assumption and assignment of the Assigned Contracts pursuant to Bankruptcy Rule 6006(f)(6).

5.    The Court hereby schedules a Sale Hearing to be held **May 3, 2011 at 11:00 a.m.** (Pacific Time) before the Honorable Peter H. Carroll, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Courtroom 1539, 255 E. Temple Street, Los Angeles, CA 90012, to consider the entry of an order, *inter alia*, approving the sale of the Purchased Assets free and clear of all liens, claims, interests and encumbrances. The Debtor may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda announcing the adjournment.

6.    The motion for approval of the sale of the Purchased Assets ("Sale Motion"), which shall attach the proposed APA with the Purchaser, shall be filed on or before March 31, 2011. Any opposition to the Sale Motion shall be served and filed on or before April 18, 2011. Any reply in support of the Sale Hearing shall be served and filed on or before April 25, 2011.

7.    Immediately after entry of this Order, the Debtor shall provide notice of the Sale Procedures, the time and place of the Auction, and the time and place of the Sale Hearing by sending the Sale Procedures Notice attached as Exhibit D to the Motion, to (1) the Limited Notice Parties,[3] (2) all entities (or counsel thereof) known to the Debtor to have asserted any lien, charge, claim or encumbrance on the Purchased Assets, (3) all federal, state and local regulatory or taxing authorities which are reasonably ascertainable by the Debtor to have a known interest in the Purchased Assets, (4) all Non-Debtor Parties to Assigned Contracts, (5) those parties whom the Debtor approached prior to the Petition Date regarding their interest in acquiring the Purchased Assets, and (6) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

---

[3] The term "Limited Notice Parties" has the meaning given in the Debtor's *Emergency Motion for Order (I) Limiting Notice, and (II) Establishing the Manner of Notice.*

SF1:817383                        4

8. No later than April 14, 2011, the Debtor shall serve Notices of Assumption and Assignment substantially in the form attached as <u>Exhibit E</u> to the Motion upon all Non-Debtor Parties to the Assigned Contracts.

9. Pursuant to Bankruptcy Rule 6006(f), the Debtor shall file with the Court and deliver to (i) counsel to the Purchaser and (ii) the Office of the United States Trustee an alphabetized listing of all Non-Debtor Parties, together with a declaration confirming that the Notices of Assumption and Assignment have been sent to each Non-Debtor Party to the Assigned Contracts.

10. With the exception of objections to Cure Amounts, objections to assurances of future performance, and other matters governed by the Assumption and Assignment Procedures approved hereby, the deadline for objecting to the sale of the Purchased Assets or assumption and assignment of the Assigned Contracts shall be set pursuant to the Sale Motion to be filed by Debtor prior to the Sale Hearing. 11.

11. To the extent that any Non-Debtor Party to an Assigned Contract wishes to object regarding (i) the proposed Cure Amount; (ii) the need to cure a Default; or (iii) the adequate assurance of the Purchaser's future performance under an Assigned Contract, then such Non-Debtor Party must file with the Court and serve a written notice of objection so as to be actually received no later than **5:00 p.m. Pacific time on April 28, 2011**, on proposed counsel to the Debtor: O'Melveny & Myers LLP, attn: Andrew M. Parlen; fax: (213) 430-6407; email: aparlen@omm.com. Copies must also be served contemporaneously on counsel to the Purchaser: Stutman Treister & Glatt, attn: Alexander Fisch, fax: (310) 228-5788, email: AFisch@stutman.com. In the event the Auction results in a Successful Bidder other than the Purchaser, the deadline for objecting to the assumption and assignment of the Assigned Contracts to such Successful Bidder on the basis of adequate assurance of future performance will be the

commencement of the Sale Hearing. Any notice of objection must state the grounds for such objection, including (i) if the Non-Debtor Party objects to the Debtor's proposed Cure Amount, specifying the Non-Debtor Party's alleged cure amount (including all relevant details regarding specific dates, charges, and calculations of amounts alleged to be due under the applicable Assigned Contract), and/or (ii) describing such other Defaults that the Non-Debtor Party alleges must be cured to effect assignment of the Assigned Contract.

12. Upon the receipt of a notice of objection, the Debtor shall immediately initiate a conference with the objecting Non-Debtor Party. If the Debtor and the Non-Debtor Party are unable to consensually resolve any timely served notice of objection before the Sale Hearing, then (i) the Bankruptcy Court may settle the dispute at the Sale Hearing; (ii) if the Non-Debtor Party's objection relates solely to the Cure Amount, the Debtor may pay to the Non-Debtor Party any undisputed portion of the proposed Cure Amount at the time of assignment and deposit any disputed portion into a segregated interest-bearing account, and upon any resolution of the Cure Amount dispute, whether by the Court or by consent, the Non-Debtor Party will be entitled to payment from the segregated account of any disputed amount which the Court finds, or which the Debtor and Non-Debtor Party agree, is owed to Non-Debtor Party, together with the interest earned thereon; and (iii) the Debtor may elect not to assume and assign the applicable Assigned Contract, subject to any limitations that may be set forth in the applicable asset purchase agreement.

13. To the extent that any Non-Debtor Party does not timely serve an objection as set forth above, such Non-Debtor Party will be deemed (i) to have consented to the Cure Amount, if any; (ii) to have agreed that the Purchaser has provided adequate assurance of future performance of the Assigned Contract within the meaning of section 365(b)(1)(C) of the Bankruptcy Code; (iii) to have agreed that all Defaults under the Assigned Contract arising or continuing prior to the

proposed assignment have been cured as a result or precondition of the proposed assignment, such that the Debtor and the Successful Bidder shall have no liability or obligation with respect to any Default occurring or continuing prior to the proposed assignment; and (iv) to have waived any right to terminate the Assigned Contract or designate an early termination date under the applicable Assigned Contract as a result of any Default that occurred and/or was continuing prior to the proposed assignment date.  In addition, such Non-Debtor Party will (a) be forever barred from asserting any additional cure or other amounts with respect to the Assigned Contract; (b) be deemed to have consented to the assumption and assignment of the Assigned Contract notwithstanding any anti-alienation provision or other restriction on assumption or assignment; and (c) be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contract, or that there is any objection or defense to the assumption and assignment of such Assigned Contract.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

15. All objections to the Motion or the relief requested therein (and all reservations of rights included therein) are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

SF1:817383                                                      7

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

DATED: March 29, 2011

United States Bankruptcy Judge

SF1:817383    8

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

400 South Hope St., Los Angeles, CA 90071

A true and correct copy of the foregoing document described as:

*Emergency Motion for Order Approving (I) Sale Procedures, (II) Notice Procedures, (III) Assumption and Assignment Procedures, (IV) Date for Sale Hearing.*

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On March 28, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chambers of the Honorable Peter H. Carroll (Overnight)**
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

**Office of the United States Trustee (U.S. Mail)**
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 28, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Verdugo Mental Health, Attention: Dr. William J. Smith, drwjs@sbcglobal.net (Email Delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 28, 2011 | Andrew M. Parlen | */s/ Andrew M. Parlen* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:
**1)**  Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled ***Emergency Motion for Order Approving (I) Sale Procedures, (II) Notice Procedures, (III) Assumption and Assignment Procedures, (IV) Date for Sale Hearing*** was entered on the date indicated as   Entered   on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 25, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

United States Trustee (LA): *ustpregion16.la.ecf@usdoj.gov*
Dare Law on behalf of the United States Trustee (LA): *dare.law@usdoj.gov*
Andrew M. Parlen: *aparlen@omm.com*
Jennifer M. Taylor: *jtaylor@omm.com*

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

The Debtor
Verdugo Mental Health
1540 E. Colorado Street
Glendale, CA 91205-1514
Attn:  William J. Smith

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an   Entered   stamp, the party lodging the judgment or order will serve a complete copy bearing an   Entered   stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page