EVAN M. JONES (S.B. #115827)
ANDREW M. PARLEN (S.B. #230429)
JENNIFER M. TAYLOR (S.B. #241191)
EVAN T. PICKERING (S.B. # 271634)
JAMIE OH (S.B. # 274419)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email: aparlen@omm.com

Proposed Attorneys for Verdugo Mental Health,
Debtor and Debtor in Possession

**FILED & ENTERED**

**MAY 04 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Verdugo Mental Health,<br><br>Debtor.[1] | Case No.  2:11-bk-22739-PC<br><br>Chapter 11<br><br>**FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL, AND (C) GRANTING RELATED RELIEF**<br><br>Hearing Date:    May 3, 2011<br>Time:    11:00 a.m. (PT)<br>Location:    Edward R. Roybal Federal Building & Courthouse, 255 East Temple Street, Suite 1534, Courtroom 1539 Los Angeles, CA 90012<br>Presiding:    Honorable Peter H. Carroll |

Upon consideration of the *Emergency Motion For Order (A) Authorizing Interim and Final Use of Cash Collateral, (B) Granting Adequate Protection for Use of Prepetition Collateral, and (C) Granting Related Relief* (the "Motion"),[2] pursuant to section 363(c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Bankruptcy Rules for

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Verdugo Mental Health (0064).  The Debtor's corporate office is located at 1540 E. Colorado Street, Glendale, California 91205.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

the United States Bankruptcy Court for the Central District of California ("Local Bankruptcy Rules"); the Court having reviewed the Motion; and the Court having considered the *Declaration of William J. Smith in Support of Chapter 11 Petition and Request for First-Day Relief* and the *Objection by Glendale Unified School District to Entry of Final Order Authorizing Use of Cash Collateral*; the Court having previously entered its *Interim Order (A) Authorizing Interim Use of Cash Collateral, (B) Granting Adequate Protection For Use of Prepetition Collateral, and (C) Granting Related Relief*; the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; the Court having further determined that the relief sought in the Motion is necessary and in the best interests of the Debtor, its estate, creditors and clients; the Court having conducted hearings on the Motion on March 28, 2011 and May 3, 2011; the Court having heard the statements of counsel, having considered all relevant matters related thereto, and being otherwise fully advised; and after due deliberation and sufficient cause appearing thereof:

**IT IS HEREBY FOUND, CONCLUDED AND DECLARED THAT**:[3]

A.   Adequate and sufficient notice of the Motion and interim hearing has been provided to all persons entitled thereto under Rule 2002 and 4001 of the Bankruptcy Rules and no further notice of the Motion is necessary.

B.   This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

C.   This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.

D.   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.   It is in the best interests of the Debtor's estate that, in exchange for providing adequate protection to Office of Statewide Health Planning and Development of the State of California ("OSHPD"), U.S. Bank National Association ("U.S. Bank"), the Los Angeles County Department of Mental Health ("DMH"), and the Foothill Special Education Plan Area ("SELPA"

---

[3] Pursuant to Federal Rule of Bankruptcy Procedure 7052, finding of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

1  and collectively with OSHPD, U.S. Bank, and DMH, the "Secured Creditors") as set forth below,

2  the Debtor be allowed to utilize Cash Collateral (as defined below) under the terms and

3  conditions set forth herein to permit the Debtor to operate as a provider of mental health services

4  during the pendency of the Chapter 11 Case.

5        F.     The Secured Creditors assert that certain prepetition obligations were, as of the

6  Petition Date, secured by valid, enforceable and properly perfected liens on and security interests

7  Debtor' real and personal property and other assets (collectively, the "Existing Collateral"),

8  including, without limitation, cash and funds in deposit accounts currently on hand in the

9  Debtor's estate, cash and receipts generated in connection with the Debtor's provision of mental

10 health services, and all other property of the Debtor's estate that constitutes "cash collateral"

11 within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").

12       G.     The Debtor has requested that the Court authorize the Debtor's use of Cash

13 Collateral for the purposes set forth in the Budget that is attached as Exhibit A hereto, which may

14 be amended, supplemented or extended at any time upon prior notice by the Debtor to the

15 Secured Creditors (a "Proposed Budget").  Unless a Secured Creditor provides written notice to

16 the Debtor within five days after receipt of the Proposed Budget that the Proposed Budget has not

17 been approved by the Secured Creditors, the Proposed Budget shall become the "Budget" for the

18 purposes hereof.  If a Proposed Budget is not approved by the Secured Creditors, then the Debtor

19 shall have the right to petition the Court for approval of the Proposed Budget, which if approved

20 by the Court shall become the "Budget" for the purposes hereof.  In the event that the Prepetition

21 Secured Creditors (or, if applicable, this Court) fail to approve a Proposed Budget, then the

22 Debtor shall be permitted to continue to use Cash Collateral in accordance with the last approved

23 Budget.

24       H.     OSHPD, U.S. Bank and DMH have each consented to the Debtor's use of Cash

25 Collateral on the terms and conditions set forth in the Motion.

26       I.     The terms of the proposed adequate protection arrangements and use of the Cash

27 Collateral are fair and reasonable, reflect the Debtor's prudent exercise of business judgment and

28 constitute reasonably equivalent value and fair consideration for the Secured Creditors' consent

thereto.

J.    Subject to compliance with the conditions of this Final Order, the Debtor is permitted to use Cash Collateral during the period, and in the amounts, set forth in the Budget, subject to the Allowed Variance, and only for the purposes set forth therein.

K.    This Final Order is entered pursuant to, and shall be construed and be consistent with sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b)(2).

**IT IS ORDERED THAT:**

1.    The Debtor shall be, and hereby is authorized to use Cash Collateral on the terms and conditions set forth in this Final Order. The Debtor is authorized to use Cash Collateral in accordance with the Budget; *provided*, however, that the Debtor (i) may use in any period amounts set forth for that period plus unused amount for any prior period, and (ii) may exceed on a monthly basis the aggregate amount of the Budget by fifteen percent (15%), as described in the Motion.

2.    All objections to the Motion or the relief requested therein that have not been made, or that have been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.    Because the Debtor's use of Cash Collateral may result in the diminution of the value of the Cash Collateral and the Secured Creditors' interests therein, the Court hereby grants a claim against the Debtor's estate in favor of each Secured Creditor as adequate protection in the amount of any postpetition diminution in the value of such Secured Creditor's interest in the Cash Collateral to the extent that the Secured Creditors' prepetition security interests are valid, enforceable, properly perfected, and unavoidable (the "Adequate Protection Claims").

4.    In order to secure the Adequate Protection Claims, each Secured Creditor is hereby granted a replacement security interest in and lien upon (collectively, the "Adequate Protection Liens") the Existing Collateral, and all postpetition proceeds thereof (excluding, however, all Avoidance Actions) as adequate protection if and only to the extent that (a) its prepetition security interests are valid, enforceable, properly perfected and non-avoidable, and (b) the Debtor's use of cash collateral results in a diminution in cash collateral. The Adequate Protection Liens of the

1  Secured Creditors shall be subject only to valid, perfected, enforceable and unavoidable liens and

2  security interest granted by the Debtor to any person or entity which were superior in priority to

3  prepetition security interests and liens held by the Secured Creditors and only to the extent such

4  prepetition senior liens are not otherwise subject to avoidance or subordination.

5     5. Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Final

6  Order shall: (a) be immediately effective and enforceable pursuant to Bankruptcy Rule 8005; and

7  (b) not be stayed absent: (i) an application by a party in interest for such stay in conformance with

8  such Bankruptcy Rule 8005; and (ii) a hearing upon notice to the Debtor.

9     6. The Debtor shall forthwith serve a copy of this Final Order upon the United States

10  Trustee, the Secured Creditors or their respective counsel, the Debtor's twenty (20) largest

11  creditors as determined in accordance with Bankruptcy Rule 1007(d), and any party having filed a

12  request to receive service in this case.

13     7. This Court shall retain jurisdiction to hear and determine all matters arising from

14  or related this Order.

15     8. This Order shall be immediately effective and enforceable upon its entry.

16     9. The Debtor, its officers, employees and agents, are authorized to take or refrain

17  from taking such acts as are necessary and appropriate to implement and effectuate the relief

18  granted herein.

19               ###

26  DATED: May 4, 2011       _____
                United States Bankruptcy Judge

SF1:820750.2          5         FINAL ORDER

| **VERDUGO MENTAL HEALTH** | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **13 WEEK CASH FLOW FORECAST** | | | | | | | | | | | | | | |
| **March 27, 2011 - June 25, 2011** | | | | | | | | | | | | | | |
| | Week | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | |
| | | 3/27-4/2 | 4/3-4/9 | 4/10-4/16 | 4/17-4/23 | 4/24-4/30 | 5/1-5/7 | 5/8-5/14 | 5/15-5/21 | 5/22-5/28 | 5/29-6/4 | 6/5-6/11 | 6/12-6/18 | 6/19-6/25 | Total |
| **BEGINNING CASH** | | 319,579 | 317,359 | 451,260 | 447,309 | 318,930 | 282,742 | 454,892 | 326,237 | 327,489 | 337,595 | 337,945 | 337,101 | 326,695 | |
| **INCOME** | | | | | | | | | | | | | | | |
| DMH Contract | | | 309,000 | | 7,807 | | 309,000 | | 7,807 | | | | 3,904 | | 637,518 |
| DPH Contract | | | | | | 8,150 | | | | 8,150 | | | | 4,100 | 20,400 |
| CDBG LA County Contract | | | | 890 | | | | | 890 | | | | 460 | | 2,240 |
| Other Contracts | | 4,500 | 1,650 | | | 4,340 | 1,600 | | | 4,500 | 1,600 | | | 2,250 | 20,440 |
| Patient Fees | | 2,190 | 2,190 | 2,190 | 2,190 | 2,190 | 2,190 | 2,190 | - | - | - | - | - | - | 15,330 |
| Medicare | | | | 6,500 | 3,700 | | 6,500 | 3,700 | | | 1,500 | 1,500 | 3,500 | 1,500 | 28,400 |
| Donations / other income | | 350 | | | 400 | 50 | | 200 | | - | - | | - | | 1,000 |
| VMH Pharmacy - Occupancy cost share | | 2,000 | | | | | 2,000 | | | | | | | | 4,000 |
| TOTAL INCOME | | 9,040 | 312,840 | 9,580 | 14,097 | 14,730 | 321,290 | 6,090 | 8,697 | 14,150 | 3,100 | 3,500 | 5,864 | 6,350 | 729,328 |
| **EXPENSES & DEBTS PAYMENT** | | | | | | | | | | | | | | | |
| Staff Wages & Benefits: | | | | | | | | | | | | | | | |
| Salaries & wages | | | 119,100 | | 109,100 | 21,380 | 99,200 | 99,200 | | 2,806 | | 2,806 | | 2,806 | 456,398 |
| Payroll Taxes (employer contribution) | | | 8,920 | | 8,477 | 1,636 | 7,722 | 7,390 | | 338 | | 338 | | 338 | 35,159 |
| Employee Benefits | | | 28,070 | | | 3,243 | 21,812 | | | | | | | | 53,125 |
| Other Expenses: | | | | | | | | | | | | | | | |
| Contracted Services-Clinical | | 4,000 | 4,600 | 4,800 | 6,517 | 5,200 | 4,600 | 6,500 | | | | | | | 36,217 |
| Information Technology | | | 4,000 | | | 4,000 | | | | | 1,850 | | | | 9,850 |
| Payroll and Billing Services | | | 320 | | 1,860 | | 320 | 1,860 | | 225 | 225 | 525 | 225 | | 5,560 |
| Eqipment Leases | | | 356 | 1,771 | 984 | | | 1,340 | | | | | | | 4,451 |
| Insurance | | 1,200 | | | 8,538 | 15,069 | | 8,538 | | | | | | | 33,345 |
| Facilities Maintenance | | 240 | | 2,795 | | 2,440 | | 4,640 | | | | | | | 10,115 |
| Utilities | | 4,000 | 6,176 | 640 | 5,000 | | 4,486 | 630 | | | | | | | 20,932 |
| Client Support Service | | 220 | 4,000 | 200 | 1,000 | 250 | 4,000 | 1,250 | | | | | | | 10,920 |
| Bankruptcy related Expenses | | | | | | | | | 5,000 | | | | 15,000 | | 20,000 |
| U.S Trustee Fee | | | | 325 | | | | | | | | | | | 325 |
| Supplies & Other Services | | 1,600 | 3,397 | 3,000 | 1,000 | 1,700 | 3,000 | 3,397 | 2,445 | 675 | 675 | 675 | 1,045 | 675 | 23,284 |
| TOTAL EXPENSES | | 11,260 | 178,939 | 13,531 | 142,476 | 50,918 | 149,140 | 134,745 | 7,445 | 4,044 | 2,750 | 4,344 | 16,270 | 3,819 | 719,681 |
| NET FOR THE WEEK | | (2,220) | 133,901 | (3,951) | (128,379) | (36,188) | 172,150 | (128,655) | 1,252 | 10,106 | 350 | (844) | (10,406) | 2,531 | 9,647 |
| **ENDING CASH BALANCE** | | 317,359 | 451,260 | 447,309 | 318,930 | 282,742 | 454,892 | 326,237 | 327,489 | 337,595 | 337,945 | 337,101 | 326,695 | 329,226 | |

3/29/2011

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Two Embarcadero Center, 28th Floor, San Francisco, California 94111

A true and correct copy of the foregoing document described as:

**FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL, AND (C) GRANTING RELATED RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On May 3, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chambers of the Honorable Peter H. Carroll (U.S. Mail)**
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

**Glendale Unified School District**
Doumanian & Associates
500 North Brand Blvd., Suite 1660
Glendale, CA 91203
Attn: Nancy Doumanian

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 3, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Verdugo Mental Health, Attention: Dr. William J. Smith, drwjs@sbcglobal.net (Email Delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 3, 2011 | Jennifer M. Taylor | */s/ Jennifer M. Taylor* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL, AND (C) GRANTING RELATED RELIEF** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 3, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Verdugo Mental Health, Attention: Dr. William J. Smith, drwjs@sbcglobal.net (Email Delivery)

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                **F 9021-1.1.NOTICE.ENTERED.ORDER**

**I.** **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

California Health Facilities Financing Authority
c/o California Attorney General
Business & Tax Section
Attn: Jane O'Donnell, Deputy Attorney General
Email: Jane.ODonnell@doj.ca.gov

Centers for Medicare & Medicaid Services
United States Department of Justice
Attn: Neil M. Peretz, Trial Attorney, Civil Division
Email: neil.peretz@usdoj.gov

Chrysler Financial Services Americas, LLC
Cooksey Toolen Gage Duffy & Woog
Attn: Randall P. Mroczynski
Email: rmroczynski@cookseylaw.com

Los Angeles County Department of Mental Health
c/o Steckbauer, Weinhart, Jaffe LLP
Attn: Barry Glaser
Email: bglaser@swjlaw.com

Office of the United States Trustee
Attn: Dare Law
       Russell Clementson
Email: ustpregion16.la.ecf@usdoj.gov
       dare.law@usdoj.gov
       russell.clementson@usdoj.gov

Verdugo Mental Health
c/o O'Melveny & Myers LLP
Attn: Andrew M. Parlen
       Jennifer M. Taylor
       Jamie Oh
Email: aparlen@omm.com
       jtaylor@omm.com
       joh@omm.com

**II.** **SERVED BY THE COURT U.S. MAIL**

Glendale Unified School District
Doumanian & Associates
500 North Brand Blvd., Suite 1660
Glendale, CA 91203
Attn: Nancy Doumanian

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2010* **F 9021-1.1. NOTICE.ENTERED.ORDER**