EVAN M. JONES (S.B. #115827)
ANDREW M. PARLEN (S.B. #230429)
JENNIFER M. TAYLOR (S.B. #241191)
EVAN T. PICKERING (S.B. # 271634)
JAMIE OH (S.B. # 274419)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407
Email: aparlen@omm.com

Proposed Attorneys for Verdugo Mental
Health, Debtor and Debtor in Possession

FILED & ENTERED

MAY 05 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT FOR

## THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Verdugo Mental Health,<br><br>Debtor.[1] | Case No. 2:11-bk-22739-PC<br><br>Chapter 11<br><br>**ORDER (I) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (III) GRANTING RELATED RELIEF**<br><br>Hearing<br>Date: May 3, 2011<br>Time: 11:00 a.m. (PDT)<br>Place: U.S. Bankruptcy Court<br>Edward R. Roybal Federal Bldg. and Courthouse<br>255 E. Temple Street, Room 1539<br>Los Angeles, California 90012<br>Judge: Honorable Peter H. Carroll |

This matter coming before the Court on the motion of Verdugo Mental Health, the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"), for entry of an order authorizing (i) the sale and conveyance of substantially all of the Debtor's assets (the "<u>Purchased

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number for the Debtor, is Verdugo Mental Health (0064). The Debtor's corporate office is located at 1540 E. Colorado Street, Glendale, California 91205.

LA3:1174018.4                                       - 1 -

1  Assets") free and clear of all liens, claims, encumbrances and other interests pursuant to 11

2  U.S.C. § 363(b) and (f) other than liens in favor of the Office of Statewide Health Planning and

3  Development of the State of California ("OSHPD") and U.S. Bank N.A. ("U.S. Bank") securing

4  the obligations of the Debtor under the Loans to the extent of the Purchase Price, as that term is

5  defined in the Sale Agreement (the "Assumed Liens"), and (ii) the assumption and assignment of

6  certain unexpired leases and executory contracts (the "Assigned Contracts") to Didi Hirsch

7  Mental Health Services (the "Purchaser" or "Didi Hirsch");[2] and the Court having reviewed and

8  considered: the record of the Sale Hearing (defined below), the record in the Chapter 11 Case, the

9  Sale Motion and the objections thereto, if any, and having determined that the relief requested in

10 the Sale Motion is necessary and in the best interests of the Debtor, its estate, creditors, clients

11 and other parties in interest; and after due deliberation thereon; and good and sufficient cause

12 appearing therefor; and a hearing as to the Motion and the form of this Order having been held

13 before this Court on May 3, 2011 (the "Sale Hearing"), and all parties in interest having been

14 afforded an opportunity to be heard; and upon the record of the Sale Hearing made by the Debtor

15 before the Court; and any objections to the Sale Motion having been withdrawn, resolved, or

16 overruled by the Court.

17                **IT IS HEREBY FOUND, CONCLUDED AND DECLARED THAT**:[3]

18    A.    On March 25, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for

19 relief under chapter 11 of title 11 of United States Code (the "Bankruptcy Code") in the United

20 States Bankruptcy Court for the Central District of California (the "Court"), commencing the

21 above-captioned chapter 11 case (the "Chapter 11 Case").  Pursuant to sections 1107(a) and 1108

22 of the Bankruptcy Code, the Debtor continues to operate its business and manage its assets as a

23 debtor in possession.  No trustee, examiner or official committee of unsecured creditors has been

24 appointed in the Chapter 11 Case.

25

26  [2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Sale Motion or the Amended and Restated Asset Purchase Agreement between the Debtor,
27  as seller, and the Purchaser attached as Exhibit A to this Order.
28  [3] Pursuant to Federal Rule of Bankruptcy Procedure 7052, finding of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

LA3:1174018.4                                - 2 -

B.     This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Chapter 11 Case and the Sale Motion is proper in this District and the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     The Sale Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O). The statutory predicates for the relief requested in the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, 9008 and 9014.

D.     As evidenced by the certificates of service previously filed with the Court, and based upon representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided, (ii) such notice constitutes due and proper notice for purposes of section 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, 9008 and 9014; (iii) such notice was reasonable, sufficient and appropriate under the circumstances, including the notice to Mr. and Mrs. John B. McClenahan, Bank of the West, as successor to United California Bank, and James J. Mason and Grace E. Mason, and David S. Mason and Dorothy Mason (the "<u>1970 Deed of Trust Parties</u>"), and (iv) no other or further notice of the Sale Motion, the Sale Hearing or of the entry of this Order is required.

E.     A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all persons and entities who received notice in accordance with the notice provisions of the Sale Procedures Order previously approved by this Court.

F.     The previous marketing efforts of the Debtor and the notice provided in accordance with the notice provisions of the Sale Procedures Order as previously approved by this Court, afforded potential purchasers a full, fair and reasonable opportunity, under the circumstances, to make the highest and best offer to purchase the Purchased Assets and no higher or better offer has been made. In addition, the bidding and related procedures established by the Sale Procedures Order were fair in substance and procedure and have been complied with in all material respects by the Debtor and Purchaser. The Debtor scheduled an auction for the sale of the Purchased Assets in accordance with the Sale Procedures Order. However, the Debtor did not

1 receive any additional bids for the Purchased Assets and, accordingly, the Auction was cancelled.

2   G. The Debtor has exercised sound business judgment in deciding to sell the
3 Purchased Assets to the Purchaser and consummate the related transactions pursuant to section
4 363(b) of the Bankruptcy Code.

5   H. The Debtor has demonstrated sound business justifications for the assumption and
6 assignment of the Assigned Contracts pursuant to sections 365(a) and (f) of the Bankruptcy Code
7 and has provided adequate assurance, if required by the Bankruptcy Code, (i) that any default, if
8 any, under the Assigned Contracts will be cured; and (ii) of the Purchaser's future performance of
9 the Assigned Contracts in accordance with section 365(b) of the Bankruptcy Code.

10   I. The Amended and Restated Asset Sale Agreement, in the form annexed as <u>Exhibit</u>
11 <u>A</u> to this Order (the "<u>Sale Agreement</u>") was negotiated by the Debtor and the Purchaser and is
12 being entered into by the Debtor and the Purchaser in good faith and from arm's-length
13 bargaining positions.  The Purchaser is a good faith purchaser under section 363(m) of the
14 Bankruptcy Code and is entitled to all of the protections afforded thereby.  Neither the Debtor nor
15 the Purchaser, engaged in any conduct that would cause or permit the Sale Agreement or the sale
16 of the Purchased Assets to be avoided under section 363(n) of the Bankruptcy Code.

17   J. The purchase price offered by the Purchaser for the Purchased Assets (i) is fair and
18 reasonable; (ii) is the highest and best offer received for the sale of Purchased Assets; (iii) will
19 provide a greater recovery for the Debtor's creditors and other interested parties than would be
20 provided by any other practically available alternative; and (iv) constitutes reasonably equivalent
21 value, fair consideration and reasonable market value for the Purchased Assets under the
22 Bankruptcy Code and under the laws of the United States, and of any state, territory or
23 possession, or the District of Columbia.

24   K. The sale of the Purchased Assets to the Purchaser will benefit the interests of the
25 Debtor's clients and employees in furtherance of important societal needs.

26   L. The Debtor is the sole and lawful owner of and has good and marketable title in
27 the Purchased Assets.

28   M. OSHPD, U.S. Bank and DMH have consented to the relief sought in the Motion.

LA3:1174018.4     - 4 -

  N. SELPA's alleged liens against the Debtor's real property are subject to bona fide dispute, as is any lien that might be asserted by any of the 1970 Deed of Trust Parties.

  O. Those holders of Liens and Claims (as defined below) who did not object, including the 1970 Deed of Trust Parties, or who withdrew their objections, to the sale or the Motion are deemed to have consented to the relief sought in the Motion pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens and Claims who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens and Claims, if any are valid and enforceable, attach to any cash proceeds of the transactions contemplated by the Sale Agreement ultimately attributable to the property in which they assert a Lien or Claim.

  P. The Debtor may sell the Purchased Assets free and clear of any and all Liens and Claims other than the Assumed Liens, with all such Liens and Claims to attach to the sale proceeds to the same extent and priority as existed immediately prior to the Closing, because (i) each entity having a security interest in the Purchased Assets has consented to its sale or is deemed to have consented to its sale, (ii) with respect to the liens of SELPA and the 1970 Deed of Trust Parties, the interest is in bona fide dispute, or (iii) one or more of the other standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.

  Q. In complying with this Order, the Debtor shall have, to the extent necessary, satisfied the requirements of sections 365(b)(1) and 365(f) of the Bankruptcy Code in connection with the assumption and assignment of the Assigned Contracts. The Purchaser, to the extent required, shall have paid the Cure Amounts, if any, as of the date of the closing of the transactions contemplated by the Sale Agreement (the "<u>Closing Date</u>") and has provided adequate assurance of the Purchaser's future performance under the Assigned Contracts within the meaning of section 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

  R. The sale of the Purchased Assets to the Purchaser under the Sale Agreement will be a legal, valid, and effective transfer of the Purchased Assets, and will vest in the Purchaser all right, title and interest of the Debtor in the Purchased Assets free and clear of all Liens and Claims other than the Assumed Liens.

LA3:1174018.4  - 5 -

1    S.    The Purchaser would not consummate the transactions contemplated by the Sale

2 Motion, thus adversely affecting the Debtor, its estate, creditors, clients, and employees, if the

3 sale of the Purchased Assets to the Purchaser were not free and clear of all Liens and Claims

4 other than the Assumed Liens, or if the Purchaser would, or in the future could, be liable for any

5 such Liens and Claims other than the Assumed Liens, or if the transfer of the Purchased Assets

6 could not be made under section 363 of the Bankruptcy Code.  Except as specifically provided in

7 the Sale Agreement, the Purchaser shall not assume or become liable for any liens, claims,

8 interests and/or encumbrances relating to the Purchased Assets being sold by the Debtor unless

9 expressly stated in the Sale Agreement or this Order.  Any such valid and enforceable liens,

10 claims, interests and/or encumbrances shall attach to any proceeds of the sale.

11    T.    The Debtor has articulated sound business reasons for performing the Sale

12 Agreement and selling the Purchased Assets as set forth in the Motion outside of a plan of

13 reorganization, and it is a reasonable exercise of the Debtor's business judgment to execute,

14 deliver and consummate the Sale Agreement with the Purchaser and consummate the transactions

15 contemplated by the Sale Agreement.

16    U.    The terms and conditions of the Sale Agreement, including the total consideration

17 to be realized by the Debtor pursuant to the Sale Agreement, are fair and reasonable and the

18 transactions contemplated by the Sale Agreement are in the best interests of the Debtor, its

19 creditors, estate, clients and employees.

20    V.    A valid business purpose exists for approval of the transaction contemplated by the

21 Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code.  The Debtor may

22 sell, transfer and assign the Purchased Assets free and clear of all Liens and Claims (other than

23 the Assumed Liens) in accordance with section 105 and 363 of the Bankruptcy Code.  As a

24 condition to purchasing the Purchased Assets, the Purchaser requires that: (a) the Purchased

25 Assets be sold free and clear of all liens, claims, encumbrances, options, rights of first refusal and

26 other interests other than the Assumed Liens; and (b) the Purchaser shall have no liability

27 whatsoever for any obligations of or claims (including without limitation as defined in section

28 101(5) of the Bankruptcy Code) against the Debtor other than the Assumed Liens.  The Purchaser

would not enter into the Sale Agreement and consummate the transactions contemplated by the Sale Agreement, thus adversely affecting the Debtor's estate, creditors, clients and employees, if the sale to the Purchaser was not free and clear of all liens, claims, encumbrances, options, rights of first refusal and other interests or if the Purchaser was or would be liable for any obligations of or claims (including without limitation as defined in section 101(5) of the Bankruptcy Code) against the Debtor, except the Assumed Liens and as otherwise explicitly provided in the Sale Agreement.

W.    The transfer of the Purchased Assets to the Purchaser is or will be a legal, valid and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title and interest in and to the Purchased Assets, free and clear of all Liens and Claims, except the Assumed Liens and those explicitly and expressly assumed by the Purchaser in the Sale Agreement or this Order.

X.    A valid business purpose exists for approval of the assumption and assignment of the Assigned Contracts by the Debtor to the Purchaser in accordance with section 365 of the Bankruptcy Code.

Y.    An injunction against creditors and third parties pursuing any Liens and Claims is necessary to induce Purchaser to close under the Sale Agreement; the issuance of such an injunction is therefore necessary to avoid irreparable injury to the Debtor's estate, creditors, clients, and employees, and will benefit all parties in interest.

Z.    The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the Purchased Assets have been satisfied.

AA.    Approval of the sale of the Purchased Assets and consummation of the sale of the Purchased Assets at this time are in the best interests of the Debtor, its creditors, the bankruptcy estate, its clients its employees, and other parties in interest.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, that:**

1.    The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

LA3:1174018.4                                                    - 7 -

made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. The Sale Motion be, and hereby is, granted in all respects, as further described herein.

3. The Sale Agreement and all terms and conditions thereof, and the transactions contemplated thereby be, and are, approved and the Debtor is hereby authorized and empowered to enter into, and to perform, its obligations under the Sale Agreement and to take such actions as are necessary to effectuate the terms of the Sale Agreement without any further corporate authorization or order of this Court.

4. All objections to the Sale Motion or the relief requested therein, and all objections to the form of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits and denied.

5. Any party that received notice of the Sale Motion and did not object thereto by timely filing an objection shall be deemed to have consented to the relief sought in the Sale Motion.

6. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized and directed to consummate the sale of the Purchased Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Sale Agreement.

7. Except as expressly permitted or otherwise specifically provided in the Sale Agreement or this Order, pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code, the Purchased Assets and the Assigned Contracts shall be transferred to the Purchaser as of the Closing Date of the sale free and clear of any interest in the Purchased Assets or the Assigned Contracts of an entity other than the Debtor's bankruptcy estates, including, without limitation, any and all liens (including mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures,

loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, rights of offset, recoupment, rights of recovery, judgments, orders and decrees of any Court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, including any lien that might be asserted by the 1970 Deed of Trust Parties or by SELPA (collectively, the "Liens and Claims"), with all such Liens and Claims upon the Purchased Assets to be unconditionally released, discharged and terminated, with all such Liens and Claims to attach only to the proceeds of the transaction with the same priority, validity, force and effect as they existed with respect to the Purchased Assets prior to closing except as may be set forth herein, subject to any claims and defenses the Debtor may possess with respect thereto.

8.  Except as expressly permitted or otherwise specifically provided for in the Sale Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, governmental, tax and other regulatory authorities, lenders, trade and other creditors holding any Liens and Claims of any kind or nature whatsoever against, or in the Debtor, or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured contingent or non contingent, liquidated or unliquidated, senior or subordinated), arising under, or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets, the operation of the Purchased Assets prior to the Closing Date, or the sale of the Purchased Assets to the Purchaser, are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns (to the extent allowed by law), its property, officers, and directors or the Purchased Assets, such person's or entity's Liens and Claims. All

holders or beneficiaries of the Liens and Claims are hereby directed to reasonably cooperate with the Purchaser in delivering such documents reasonably requested by the Purchaser which may be necessary to evidence and effectuate the extinguishment of any Liens and Claims from or against the Purchased Assets.

9. Notwithstanding anything in this Order to the contrary, the Purchased Assets shall be transferred to the Purchaser as of the Closing Date subject to the Assumed Liens.

10. Upon the transfer of the Purchased Assets to the Purchaser subject to the Assumed Liens, all liens in favor of OSHPD and U.S. Bank (including liens in favor of U.S. Bank as assignee of CHFFA) against any property of the Debtor's bankruptcy estate shall be automatically assigned to and preserved for the benefit of the Debtor's estate.

11. The sale and transfer of the Purchased Assets to the Purchaser pursuant to the Sale Agreement shall constitute a legal, valid and effective transfer of the Purchased Assets, and shall vest in the Purchaser all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all Liens and Claims of any kind or nature whatsoever other than the Assumed Liens.

12. If any person or entity that has filed financing statements, assignments, security agreements, lis pendens, or other documents or agreements evidencing Liens and Claims in the Debtor or the Purchased Assets shall not have delivered to the Debtor prior to the closing under the Sale Agreement, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims which the person or entity has with respect to the Debtor or otherwise other than the Assumed Liens, then (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments releases and other documents on behalf of the person or entity with respect to the Purchased Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Claims in the Purchased Assets of any kind or nature whatsoever.

13. The transactions contemplated by the Sale Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and

1  accordingly, the reversal or modification on appeal of the authorization provided herein to

2  consummate the sale of the Purchased Assets shall not affect the validity of the sale to the

3  Purchaser, unless such authorization is duly stayed pending such appeal prior to the closing of the

4  sale with respect to the Purchased Assets.  The Purchaser is a purchaser in good faith of the

5  Purchased Assets, which the Purchaser is purchasing pursuant to the terms of the Sale Agreement,

6  and the Purchaser is entitled to all of the protections afforded by section 363(m) of the

7  Bankruptcy Code.

8        14.     The consideration paid by the Purchaser for the Purchased Assets is deemed to

9  constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and

10  under the laws of the United States, and of any state, territory or possession or the District of

11  Columbia and may not be avoided under section 363(n) of the Bankruptcy Code.

12        15.     This Order (a) shall be effective as a determination that, upon the closing of the

13  sale of the Purchased Assets, all Liens and Claims of any kind or nature whatsoever existing prior

14  to such closing as to the Debtor or the Purchased Assets sold pursuant to the Sale Agreement

15  (other than the Assumed Liens) have been unconditionally released, discharged and terminated,

16  and that the conveyances described therein have been effected, and (b) shall be binding upon and

17  shall govern the act of all entities, including without limitation, all filing agents, filing officers,

18  title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

19  administrative agencies, governmental departments, secretaries of state, federal, state, and local

20  officials, and all other persons and entities who may be required by operation of law, the duties of

21  their office, or contract, to accept, file, register or otherwise record or release any documents or

22  instruments, or who may be required to report or insure any title or state of title in or to any of the

23  Purchased Assets.

24        16.     Each and every federal, state and local governmental agency or department is

25  hereby directed to accept any and all documents and instruments necessary and appropriate to

26  consummate the transactions contemplated by the Sale Agreement.

27        17.     The Debtor and its officers, employees, and agents are hereby authorized and

28  directed to execute and deliver, and are empowered to perform under, consummate and

implement, the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Purchased Assets, free and clear of all Liens and Claims (other than the Assumed Liens), or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement.

18.   The Debtor is hereby authorized and empowered to assume and assign and sell the Assigned Contracts to the Purchaser free and clear of all Liens and Claims pursuant to section 363 and 365 of the Bankruptcy Code.  The Assigned Contracts shall be transferred to and remain valid, binding, and in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract, including those of the type described in section 365 of the Bankruptcy Code, that prohibits, precludes, restricts, or conditions such assignment or transfer.

19.   Any provision in an Assigned Contract that purports to declare a breach or default as a result of a change in control of the Debtor's business or requires the consent of a non-seller party is hereby deemed unenforceable under section 365(f) of the Bankruptcy Code, and all Assigned Contracts shall remain in full force and effect and shall be valid, binding, and enforceable upon all non-seller parties thereto to the same extent that they were immediately prior to the Petition Date.

20.   Upon assignment, the Debtor shall be relieved of any liability or Liens and Claims arising after such assignment with respect to the Assigned Contracts.

21.   Except for any disputed Cure Amounts, each Non-Debtor Party to any Assigned Contract is forever barred, precluded, estopped, and permanently enjoined from asserting against the Debtor or the Purchaser, or against the property of the Debtor or the Purchaser, any default existing as of the date of the Sale Hearing; or from asserting against the Purchaser, any counterclaim, defense, setoff, or any other claim asserted or assertable against the Debtor.  Each Non-Debtor Party to an Assigned Contract is hereby bound to the Cure Amount set forth in the form of notice approved by the Court and provided by the Debtor setting forth the Cure Amount

1  for each such Assigned Contract. The Cure Amount shall be paid by the Purchaser to each non-
2  debtor party to an Assigned Contract at the closing of the sale of the Purchased Assets to the
3  Purchaser.

4      22.    As provided by Rules 6004(h), 6006(d) and 7062 of the Federal Rules of
5  Bankruptcy Procedure, this Order shall not be stayed for fourteen (14) days after the entry of this
6  Order and shall be effective and enforceable immediately upon entry, and any actions taken
7  pursuant thereto shall survive entry of and shall govern with respect to any conflict with any order
8  which may be entered confirming any plan(s) of reorganization, dismissing the Chapter 11 Case
9  or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

10      23.    This Court retains jurisdiction to endorse and implement the terms and conditions
11  of the Sale Agreement, all amendments thereto, any waivers or consents thereunder, and each of
12  the documents executed in connection therewith in all respects, including but not limited to,
13  retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Purchaser, (b) compel
14  delivery of the Purchase Price or performance of other obligations owed to the Debtor, (c) resolve
15  any disputes arising under or related to the Sale Agreement, except as otherwise provided therein,
16  and (d) interpret, implement, and enforce the provisions of this Order.

17      24.    The terms and provisions of the Sale Agreement and this Order shall be binding in
18  all respects upon, and shall inure to the benefit of, the Debtor, its estates, and creditors, the
19  Purchaser, and its affiliates, successors, designees, and assigns and any affected third parties
20  (including, but not limited to, all persons asserting Liens and Claims in the Purchased Assets to
21  be sold to the Purchaser pursuant to the Sale Agreement), notwithstanding any subsequent
22  appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s)
23  such terms and provisions likewise shall be binding.

24      25.    The omission in this Order of specific reference to any particular provision of the
25  Sale Agreement shall not impair or diminish the effectiveness, propriety, or approval of such
26  provision, it being the intent of the Court that the Sale Agreement be authorized and approved in
27  its entirety.

28      26.    The Sale Agreement and any related agreements, documents or other instruments

may be modified, amended or supplemented by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

27. All of the Purchased Assets shall be, as of the Closing, transferred to and vested in the Purchaser pursuant to the terms of the Sale Agreement.  Upon the Closing, this Order shall be considered and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets to the Purchaser and a bill of sale or assignment transferring good, marketable and indefeasible title in and to the Purchased Assets to the Purchaser free and clear of all Liens and Claims other than the Assumed Liens.

28. This Order and the Sale Agreement shall be binding upon, and shall inure to the benefit of, the Debtor and the Purchaser, and their respective successors and assigns, including without limitation, any chapter 11 trustee hereinafter appointed for the Debtor or any trustee appointed in a chapter 7 case if the Debtor's case is converted from chapter 11.

29. On the Closing Date, each creditor of the Debtor is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Claims (other than with respect to the Assumed Liens) against or in the Purchased Assets, if any, as such Liens and Claims may have been recorded or may otherwise exist.

30. Effective upon closing, all parties and/or entities asserting Liens and Claims (other than the Assumed Liens) and contract rights against the Debtor and/or any of the Purchased Assets are hereby permanently enjoined and precluded from, with respect to such Liens and Claims: (i) asserting, commencing or continuing in any manner any action against the Purchaser or any director, officer, agent, representative or employee of the Purchaser (all such entities are collectively referred to as the "Protected Parties") or against any Protected Party's assets or properties, including without limitation the Purchased Assets; (ii) the  enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award, decree or order against the Protected Parties or any properties or assets of the Protected Parties, including without limitation the Purchased Assets; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Protected Parties or any properties or assets of the Protected Parties, including

without limitation the Purchased Assets; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Protected Parties; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order or the Sale Agreement.

31. The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Liens and Claims (with such Liens and Claims to attach to the proceeds of the sale of the Assets) shall be self-executing, and neither the Debtor, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; *provided, however*, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Sale Agreement. Without in any way limiting the foregoing, the Purchaser is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

32. Consummation of the Sale Agreement and the transactions contemplated therein and thereby do not effect a *de facto* merger or consolidation of the Debtor and the Purchaser or result in the continuation of the Debtor's business under the Purchaser's control. The Purchaser is not the alter ego of, a successor in interest to, or a continuation of the Debtor nor is the Purchaser otherwise liable for the Debtor's debts and obligations, unless specifically provided for in the Sale Agreement or pursuant to this Order.

33. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

34. Nothing contained in any plan of reorganization (or liquidation) confirmed in the Chapter 11 Case or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the Sale Agreement or the terms of this Order.

35. The Sale Agreement is not a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford, and is not in violation of

1  creditors' voting rights.

2      36.    The provisions of this Order are nonseverable and mutually dependent.

3                         ###

26  DATED: May 5, 2011

                                       United States Bankruptcy Judge

LA3:1174018.4                              - 16 -

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Two Embarcadero Center, 28th Floor, San Francisco, California 94111

A true and correct copy of the foregoing document described as:

**ORDER (I) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (III) GRANTING RELATED RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:    ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On May 4, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chambers of the Honorable Peter H. Carroll (U.S. Mail)**
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

**Foothill SELPA (U.S. Mail)**
Doumanian and Associates
500 North Brand Blvd., Suite 1660
Glendale, CA 91203
Attn: Nancy Doumanian

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 4, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Verdugo Mental Health, Attention: Dr. William J. Smith, drwjs@sbcglobal.net (Email Delivery)
Department of Health and Human Services, Attention: Neil Peretz, neil.peretz@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 4, 2011 | Jennifer M. Taylor | */s/ Jennifer M. Taylor* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                              **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER (I) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (III) GRANTING RELATED RELIEF** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 3, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Verdugo Mental Health, Attention: Dr. William J. Smith, drwjs@sbcglobal.net (Email Delivery)

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                     **F 9021-1.1.NOTICE.ENTERED.ORDER**

**I.        SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

California Health Facilities Financing Authority
c/o California Attorney General
Business & Tax Section
Attn: Jane O'Donnell, Deputy Attorney General
Email: Jane.ODonnell@doj.ca.gov

Centers for Medicare & Medicaid Services
United States Department of Justice
Attn: Neil M. Peretz, Trial Attorney, Civil Division
Email: neil.peretz@usdoj.gov

Chrysler Financial Services Americas, LLC
Cooksey Toolen Gage Duffy & Woog
Attn: Randall P. Mroczynski
Email: rmroczynski@cookseylaw.com

Los Angeles County Department of Mental Health
c/o Steckbauer, Weinhart, Jaffe LLP
Attn: Barry Glaser
Email: bglaser@swjlaw.com

Office of the United States Trustee
Attn: Dare Law
      Russell Clementson
Email: ustpregion16.la.ecf@usdoj.gov
       dare.law@usdoj.gov
       russell.clementson@usdoj.gov

Verdugo Mental Health
c/o O'Melveny & Myers LLP
Attn: Andrew M. Parlen
      Jennifer M. Taylor
      Jamie Oh
Email: aparlen@omm.com
       jtaylor@omm.com
       joh@omm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*July 2010*                                                                        **F 9021-1.1.NOTICE.ENTERED.ORDER**